# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESCO AIRCRAFT HOLDINGS, INC., et al., <br><br>    Plaintiffs, <br><br> VS. <br><br> SSD INVESTMENTS LTD, et al., <br><br>    Defendants. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 4:25-CV-202 <br> § <br> § <br> § <br> § <br> § <br> § |

**[PROPOSED] MEMORANDUM ORDER REGARDING LANGUR MAIZE'S CLAIMS**

On January 15, 2025, the bankruptcy court issued a report and recommendation (the "January 15 R&R") recommending that this Court declare that Wesco Aircraft Holdings, Inc. ("Wesco") breached contractual obligations to Langur Maize, L.L.C. ("Langur Maize") under its unsecured note indenture, and recommending that this Court dismiss the balance of Langur Maize's breach of contract claims and its tortious interference and civil conspiracy claims. ECF 1 (January 15 R&R) at 1-2. In the final sentence of its report and recommendation, the bankruptcy court also recommended that this Court award damages to Langur Maize from Wesco. *Id.* at 52. Wesco objected to the January 15 R&R, ECF 11, and the Participating Unsecured Noteholders filed a statement respecting the January 15 R&R, ECF 12.[1] Langur Maize did not object to the

---

[1] The Participating Unsecured Noteholders are Platinum Equity Advisors, LLC; Wolverine Top Holding Corporation; and Platinum Equity Capital Partners International, IV (Cayman) LP (together "Platinum"); Carlyle Global Credit Investment Management, L.L.C.; CCOF Onshore Co-Borrower LLC; CSP IV Acquisitions, L.P.; CCOF Master, L.P.; Unnamed Carlyle Funds c/o Carlyle Global Credit Investment Management, L.L.C.; and Spring Creek, LLC (together "Carlyle"); and the Senator Noteholder and Senator Investment Group LP (together "Senator"). ECF 12 at 1 & n.1. Unless otherwise defined, capitalized terms in this order have the same meaning as in the January 15 R&R. *See* ECF 1.

January 15 R&R, and did not respond to Wesco's objection or the Participating Unsecured Noteholders' statement.

As Wesco has explained in its objection, its confirmed plan of reorganization treats Langur Maize's undisputed claim for the full amount of principal and pre-petition interest on its bonds as a general unsecured claim, and discharges any other claim for relief Langur Maize might have against Wesco. ECF 11 at 4. The parties have agreed that they do not object to that treatment of Langur Maize's claims in the confirmed plan of reorganization. Any claim Langur Maize may have had in this adversary proceeding for damages against Wesco is therefore moot. Moreover, given Langur Maize's decision not to object to the January 15 R&R's recommendation that its other claims should be dismissed, and this Court's independent review of the record, the Court finds that those claims should be dismissed.

In light of Wesco's objection, Langur Maize's failure to respond to that objection and failure to file any objection of its own, the provisions of the confirmed plan of reorganization, and this Court's own review of the record, the Court therefore VACATES the January 15 R&R to the extent it recommends an award of damages to Langur Maize from Wesco and DISMISSES Langur Maize's claims in this adversary proceeding.[2]

SO ORDERED _____, at McAllen, Texas.

_____
Randy Crane
Chief United States District Judge

---

[2] As explained in a separate order, *see* ECF ___, this Court disagrees with the bankruptcy court's January 17, 2025 report and recommendation and dismisses the 2024/2026 Noteholders' breach-of-contract claims. To the extent that the bankruptcy court's findings and conclusions in the January 15 R&R are contrary to this Court's findings and conclusions in its order dismissing the 2024/2026 Noteholders' breach-of-contract claims, the Court disagrees with the findings and conclusions in the January 15 R&R as well.